# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. VEASAW,<br>    Plaintiff,<br><br>v.<br><br>MARY L. SCHAPIRO, CHAIRMAN<br>UNITED STATES SECURITIES<br>AND EXCHANGE COMMISSION<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL CASE NO. H-08-2936 |

## MEMORANDUM AND ORDER

Pending before the Court is a Motion to Dismiss [Doc. # 10], filed by Defendant the Securities and Exchange Commission ("SEC"). Plaintiff James B. Veasaw has responded [Doc. # 12]. Upon review of the parties' submissions, all pertinent matters of record, and applicable legal authorities, the Court concludes that the SEC's Motion should be **granted**.

## I.    FACTUAL BACKGROUND

The allegations in Plaintiff's Complaint largely mirror those previously asserted by Plaintiff in a series of cases in 2003 and 2004. A brief explanation of the prior cases is therefore necessary for a proper understanding of the present dispute. On September 22, 2003, Plaintiff filed an action against seven governmental entities, including the SEC, broadly alleging "intentional government fraud, misfeasance,

malfeasance, nonfeasance, intentional government interference and cover up by state and federal employees."[1]  On January 8, 2004, this case was referred to Magistrate Judge Nancy K. Johnson.  The court severed the allegations into six lawsuits[2] and instructed Plaintiff to file an amended complaint in each case stating his allegations against the respective defendants.[3]  On December 17, 2004, Judge Johnson issued a Memorandum and Recommendation[4] recommending that Plaintiff's claims against the SEC in case 4:03-cv-3878 be dismissed for failure to exhaust administrative remedies as required by 29 C.F.R. § 1614.105(a)[5] and alternatively for failure to bring a civil action within ninety days of receipt of a notice of a final agency action as required by 42 U.S.C. § 2000e-16(c).[6]  On February 3, 2005, District Judge John D. Rainey

---

[1]  *See* Plaintiff's Original Complaint [4:03-cv-3878, Doc. # 1], at 1.

[2]  Cases 4:03-cv-3878, 4:04-cv-0066, 4:04-cv-0067, 4:04-cv-0068, 4:04-cv-0069, and 4:04-cv-0070.

[3]  *See* Order [4:03-cv-3878, Doc. # 45].  Thereafter, only case no. 4:03-cv-2878 contained claims against the SEC.

[4]  *See* Memorandum and Recommendation [4:03-cv-3878, Doc. # 52].

[5]  Specifically, Plaintiff failed to exhaust administrative remedies before filing a formal complaint with the Equal Employment Opportunity Commission ("EEOC") by failing to initiate contact with an EEOC counselor within forty-five days of the date of the matter alleged to be discriminatory as required by 29 C.F.R. § 1614.105.  *See Teemac v. Henderson*, 298 F.3d 452, 454 (5th Cir. 2002).

[6]  Plaintiff filed the civil action more than ninety days after receipt of a "right to sue" letter from the EEOC.  Ninety days from receipt of this letter was September 15, 2003, and Plaintiff did not file the civil action against the SEC until September 22, 2003.

adopted Judge Johnson's Memorandum and Recommendation and dismissed Plaintiff's claims against the SEC.[7] On November 8, 2005, the Fifth Circuit affirmed the district court's order dismissing case 4:03-cv-3878.[8] On October 2, 2006, the United States Supreme Court denied Plaintiff's petition for a writ of certiorari.[9]

On December 12, 2004, Judge Johnson also recommended that the five other lawsuits (none of which were against the SEC) be dismissed. On February 3, 2005, Judge Rainey adopted the Magistrate Judge's recommendations and dismissed all of Plaintiff's claims in these respective lawsuits.

On October 2, 2008, Plaintiff filed a complaint in the present action asserting a claim under the Privacy Act of 1974, 5 U.S.C.§ 552a *et. seq*. (the "Privacy Act").[10] The SEC moves to dismiss Plaintiff's claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the SEC moves to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

---

[7] *See* Order [4:03-cv-3878, Doc. # 53].

[8] *James B. Veasaw v. Chair Cari M. Dominguez, et al.*, No. 05-20312 (5th Cir. Nov. 8, 2005) (per curiam).

[9] *Veasaw, James B. v. Dominguez, Cari M., et al.*, No. 05-1467 (Oct. 2, 2006).

[10] *See* Plaintiff's Complaint [Doc. # 1].

## II.     LEGAL STANDARDS

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005) (citations omitted). In considering a challenge to subject matter jurisdiction, the district court is "free to weigh the evidence and resolve factual disputes in order to satisfy itself that it has the power to hear the case." *Id.* When the court's subject matter jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *See Gaar v. Quirk*, 86 F.3d 451, 453 (5th Cir.1996). A motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Home Builders Ass'n*, 143 F.3d at 1010. Any uncontroverted facts in the complaint must be accepted as true and the court is to construe the complaint broadly and liberally. *See Gaubert v. United States*, 885 F.2d 1284, 1285 (5th Cir.1989).

A motion to dismiss under Rule 12(b)(6) for failure to state a claim is viewed with disfavor and is rarely granted. *See Hall v. Hodgkins*, 2008 WL 5352000, at *2 (5th Cir. Dec. 23, 2008); *Priester v. Lowndes County*, 354 F.3d 414, 418 (5th Cir. 2004) (citing *Lowrey v. Tex. A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). The complaint must be liberally construed in favor of the plaintiff and all well-pleaded facts taken as true. *See Erickson v. Pardus*, 551 U.S. 89, __, 127 S. Ct. 2197, 2200

(2007) ("[A] judge must accept as true all of the factual allegations contained in the complaint." (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (internal citations omitted))). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (internal citations omitted).

### III.  ANALYSIS

Plaintiff's Complaint is far from a model of clarity. Broadly construed, Plaintiff raises a claim under the Privacy Act. Plaintiff alleges that the SEC disclosed private information about him to a third party, R.A. "Nick" Lee ("Lee") of JDG Associates, before Lee (or presumably JDG Associates) was an authorized contractor with the SEC.[11] Plaintiff contends that Lee did not become an authorized contractor until September 15, 2003.[12] Plaintiff alleges that Lee interfered with Plaintiff filing his 2003 lawsuit (4:03-cv-3878) by making "numerous contacts with the Plaintiff just prior to the Deadline on September 15, 2003[, that] cause[d] the Plaintiff harm by making the Plaintiff miss the deadline by at least 2 days."[13] Plaintiff specifically

---

[11]  *See Id.*, ¶ 10.

[12]  *Id.*

[13]  *Id.*, ¶ 19.

pleads that Lee first made "unauthorized contact with [him] on September 9, 2003."[14]

The SEC argues that Plaintiff's claims are barred by the Privacy Act's statute of limitations. The SEC also argues that Plaintiff is attempting to resurrect claims previously dismissed by the court and that the claims are barred by claim preclusion.

### A. Statute of Limitations

A party may sue a federal agency under the Privacy Act for certain acts of wrongful dissemination of information. *See* 5 U.S.C. § 552a(g). Section 522a(g) provides that "[a]n action to enforce any liability created under this section may be brought in the district court . . . within two years from the date on which the cause of action arises . . . ." 5 U.S.C. § 522a(g)(5). A cause of action arises when the plaintiff knew or should have known of the alleged violation. *See Smith v. U.S.*, 142 F. App'x 209, 209 (5th Cir. 2005) (unpublished) ("We agree with the majority of other circuits that, under section 552a(g)(5) of the Privacy Act (5 U.S.C. § 552a *et seq.*), a cause of action accrues when the plaintiff knew or should have known of the alleged violation."); *Blaylock v. Snow*, 2006 WL 3751308, at *7 (N.D. Tex. 2006); *see also Davis v. U.S. Dep't of Justice*, 204 F.3d 723, 726 (7th Cir. 2000).

---

[14] *Id.*, ¶ 12.

Plaintiff argues that so long as he "had an OPPORTUNITY TO APPEAL the damages were not ACCRUED,"[15] and, therefore, his cause of action under the Privacy Act did not accrue until the United States Supreme Court denied his petition for a writ of certiorari on October 2, 2006. Plaintiff's argument is unsupported and relevant Fifth Circuit authority is clear: a cause of action arises when the plaintiff knew or should have known of the alleged violation. Accordingly, the issue before the Court is when Plaintiff knew or should have known of the alleged violation of the Privacy Act that serves as the basis of his claim. Plaintiff does not dispute that on September 9, 2003, he "received a Certified letter (BEFORE THE FACT) from the R.A. "NICK" Lee of JDG ASSOCIATES informing the plaintiff of the FACTIOUS HIRING of JDG ASSOCIATES by the SEC."[16] This September 9, 2003, letter informed Plaintiff of JDG Associates' knowledge of Plaintiff and forms the basis of Plaintiff's Privacy Act claim. As of the date he received this letter,[17] Plaintiff knew or should have known of the alleged Privacy Act violation. Plaintiff's Privacy Act claim accordingly

---

[15] Plaintiff's Response [Doc. # 12], at 4. Plaintiff's pleadings make extensive and creative use of capitalization. To avoid mischaracterizing his claims, the Court has adopted Plaintiff's phrasing and capitalization.

[16] Plaintiff's Complaint [Doc. # 1], ¶ 14.

[17] Plaintiff attached this letter to his Original Complaint in case 4:03-cv-3878, further demonstrating that at the latest he knew of the alleged violation by September 22, 2003. *See* Plaintiff's Original Complaint [4:03-cv-3878, Doc. # 1], at 60 of 119.

accrued more than two years prior to filing the present lawsuit on October 2, 2008, and is barred by the statute of limitations. The SEC's Motion to Dismiss is granted.

### B.   Claim Preclusion

A significant portion of Plaintiff's Complaint is dedicated to his continued insistence that his prior claims were improperly separated and dismissed. The SEC argues that Plaintiff's claims against it are barred by the doctrine of claim preclusion and should be dismissed under Rule 12(b)(1) because the Court lacks the statutory and constitutional power to adjudicate the case. Plaintiff responds by arguing that the prior decisions were not rendered by a competent court and therefore can have no preclusive effect.

Under the doctrine of claim preclusion (res judicata), "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *U.S. v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (quoting *Montana v. United States*, 440 U.S. 147, 153 (1979)). "The bar prevents relitigation of all 'issues that were or could have been raised in [the previous] action.'" *Id.* (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). For claim preclusion to apply, "the following four-part test must be satisfied: (1) the parties must be either identical or in privity; (2) the judgment in the prior action must have been rendered by a court of competent jurisdiction; (3) the prior action must have been concluded to a final

judgment on the merits; and (4) the same claim or cause of action must have been involved in both actions." *Id.* (quotations and citations omitted).

Plaintiff has offered no meaningful argument that the prior decision was not rendered by a court of competent jurisdiction and the Court is unable independently to conceive of any such valid argument. The prior dismissal of Plaintiff's claims against the SEC was rendered by a court of competent jurisdiction and was concluded by a final judgment on the merits. Moreover, the prior action involved the same parties presently before the Court and the same claims were involved in both actions. Therefore, to the extent Plaintiff seeks to reassert any of the claims that were raised or could have been raised against the SEC in the prior litigation, the claims are barred by claim preclusion. The SEC's Motion to Dismiss is granted.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that the SEC's Motion to Dismiss [Doc. # 10] is **GRANTED**, and this case is **DISMISSED**.

A separate final judgment will be entered.

SIGNED at Houston, Texas, this 12th day of **May, 2009**.

_____
Nancy F. Atlas
United States District Judge