## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. VEASAW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-08-2936 |
| | § | |
| MARY L. SCHAPIRO, CHAIRMAN | § | |
| UNITED STATES SECURITIES | § | |
| AND EXCHANGE COMMISSION | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

Plaintiff James Veasaw, *pro se*, filed a Complaint [Doc. # 1] asserting claims against the Securities and Exchange Commission ("SEC") under the Privacy Act of 1974, 5 U.S.C. § 522a *et seq.*  By Memorandum and Order [Doc. # 13] and Final Judgment [Doc. # 14] entered May 12, 2009, the Court dismissed the claims as barred by the statute of limitations and by claim preclusion (res judicata).  Plaintiff has filed a Motion for New Trial [Doc. # 16], to which the SEC has responded in opposition.[1]  Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Plaintiff's motion should be **denied**.

---

[1] The SEC originally opposed the motion primarily on the ground it was not timely [Docs. # 17].  Plaintiff pointed out correctly that the intermediate weekend days and holidays do not count in the calculation of time under the Federal Rules of Civil Procedure if the limit is less than 11 days.  Plaintiff's Objections to the Courts [sic] Consideration of Defendants [sic] Memorandum Opposing Plaintiff's Motion for a New Trial as Being (Itself) Is Untimely [sic] [Doc. # 18].  The SEC correctly conceded the point and filed a second memorandum in opposition [Doc. # 19].

Notwithstanding the title to Plaintiff's motion, Plaintiff seeks to alter the Court's judgment pursuant to Federal Rule of Civil Procedure 59(e), not obtain a "new trial" pursuant to Rule 59(a).[2]  "A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted).  This type of motion "calls into question the correctness of a judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004) (quoting *In re TranstexasGas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002)).  A Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 478–79.  Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, 2005 WL 1420846, *2 (W.D. Tex. June 14, 2005).  "Reconsideration of a judgment after

---

[2]Rule 59(a) provides that a "court may, on motion, grant a new trial on all or some of the issues . . . (A) after a jury trial, for any reason for which a new trial has heretofore been granted . . . or (B) after a nonjury trial . . . ."  "A trial court should not grant a new trial on evidentiary grounds unless the verdict is against the great weight of the evidence." *Thomas v. Tex. Dept. of Criminal Justice*, 297 F.3d 361, 368 (5th Cir. 2002) (quoting *Pryor v. Trane Co.*, 138 F.3d 1024, 1026  (5th Cir. 1998)).

its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiff primarily argues in his motion that there has been "fraud upon the court" in various respects. *See, e.g.,* Plaintiff's Motion for New Trial [Doc. # 17], at 1, 2, 3, 4, 7. These arguments essentially rehash Plaintiff's original contentions in response to the Defendants' motion to dismiss. Further, Plaintiff's disagreement with Magistrate Judge Nancy Johnson's recommendations, which were adopted by District Judge John Rainey, is not a viable legal ground for the claims Plaintiff seeks to assert in this case.

Plaintiff also contends that the Magistrate Judge acted unfairly because she apparently issued a Memorandum and Recommendation in all or several of the six related cases on the same day, thereby imposing on him tight deadlines that he could not meet. There is no legal ground that precludes the Magistrate Judge from adopting such a procedure.[3]

Plaintiff has not pointed to a manifest error of law or fact in this Court's ruling. He also has not presented newly discovered evidence that demonstrates his claims are

---

[3]Moreover, there was no reason that Plaintiff could not have sought from the court an extension of time to respond, if that was an issue for him.

not barred by the statute of limitations and by claim preclusion (res judicata), as the

Court held in its Memorandum and Order.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Motion for New Trial [Doc. # 16] is **DENIED**.

SIGNED at Houston, Texas, this 7th day of **July, 2009**.

Nancy F. Atlas
United States District Judge