IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES B. VEASAW, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-08-2936 |
| | § | |
| MARY L. SCHAPIRO, CHAIRMAN | § | |
| UNITED STATES SECURITIES | § | |
| AND EXCHANGE COMMISSION | § | |
| Defendant. | § | |

## **MEMORANDUM AND ORDER**

Plaintiff James Veasaw, *pro se*, filed a Complaint [Doc. # 1] asserting claims against the Securities and Exchange Commission ("SEC") under the Privacy Act of 1974, 5 U.S.C. § 522a *et seq.*  By Memorandum and Order [Doc. # 13] and Final Judgment [Doc. # 14] entered May 12, 2009, the Court dismissed the claims as barred by the statute of limitations and by claim preclusion (res judicata).  Plaintiff then filed a Motion for New Trial [Doc. # 16] which the Court denied by Memorandum and Order [Doc. # 20] on July 7, 2009.  Plaintiff has now filed a second Motion for New Trial [Doc. # 21] ("Second Motion"), to which the SEC has responded in opposition [Doc. # 24] and Plaintiff has replied [Doc. # 25].  Upon review of the parties' submissions, all pertinent matters of record, and applicable law, the Court concludes that Plaintiff's Second Motion should be **denied**.

Plaintiff argues that in considering Plaintiff's First Motion for New Trial [Doc. # 16], the Court improperly considered Defendant's Second Memorandum Opposing Plaintiff's Motion for New Trial [Doc. # 19] "AFTER THE 10 DAY DEADLINE FOR THE NOMOVANT TO FILE THY [sic] RESPONSE."[1]  In support of this argument, Plaintiff misconstrues Federal Rule of Civil Procedure 59(b).  Plaintiff argues that "<u>FRCP 59(b)</u> STIPULATES THE TIME FOR THE OPPOSING PARTY (DEFENSE) TO FILE THERE [sic] RESPONSE TO A MOTION FOR A NEW TRIAL IS <u>10 DAYS AFTER BEING SERVED</u>, NOT IN SUBSEQUENT <u>CONCEDING</u> OR <u>REBUTTAL</u> DOCUMENTS LONG AFTER THE 10 DAY DEADLINE HAD (HAS) LAPSED."[2]

The plain terms of Rule 59(b) provide that the time for a moving party to file a motion for a new trial under Rule 59 must be within 10 days after the entry of judgment.  Rule 59(b) does not address the time within which an opposing party must *respond* to such a motion.[3]  Defendant did in fact file a timely response to Plaintiff's First Motion for New Trial when it filed a response [Doc. # 17] on June 15, 2009,

---

[1] Plaintiff's Motion [Doc. # 21], at 5.  Plaintiff's pleadings make extensive and creative use of capitalization. To avoid mischaracterizing his claims, the Court has adopted Plaintiff's phrasing and capitalization.

[2] *Id.*

[3] To the extent Plaintiff seeks to argue that Defendant's response [Doc. # 19] was untimely under Rule 59(c), Defendant's responses [Docs. # 17, # 19] do not contain opposing affidavits and therefore by its terms Rule 59(c) is inapplicable to Defendant's responses.

twenty days after Plaintiff filed his First Motion.[4]  Moreover, to the extent that Plaintiff complains about Defendant's supplemental response [Doc. # 19], Rule 59(b) in no way precludes the Court's consideration of this supplemental response.

Apart from Plaintiff's arguments regarding the timeliness of Defendant's responses, Plaintiff's Motion repeats the same arguments raised in Plaintiff's First Motion for New Trial [Doc. # 16].  For the reasons set forth in the Court's Memorandum and Order denying Plaintiff's First Motion for New Trial [Doc. # 20], the Court denies Plaintiff's Second Motion.  Accordingly, it is hereby

**ORDERED** that Plaintiff's Second Motion for New Trial [Doc. # 21] is **DENIED**.

SIGNED at Houston, Texas, this 31st day of **August, 2009**.

_____
Nancy F. Atlas
United States District Judge

---

[4] The District's Local Rules provided that responses to an opposed motion are due 20 days after the motion is filed. S.D. LOC. R. 7.3; HON. NANCY F. ATLAS, COURT P. 6(A)(4), available at <http://www.txs.uscourts.gov/district/judges/nfa/nfa.pdf>.